UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAMES F. HOOPER, IV, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]   7:10-CV-02038-LSC |
| | ] |
| STATE OF ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, *et al.*, | ] ] ] |
| | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

Pending are three motions to dismiss, comprising all Defendants. Defendant Clayton Shealy moves to dismiss Plaintiff James Hooper's ("Dr. Hooper" or "Plaintiff") claims against him.  (Doc. 7.)  Defendant Jackie Sexson moves to dismiss Plaintiff's claims against her. (Doc. 13.)  And Defendants State of Alabama Department of Mental Health ("Department"), John Houston, Beverly Bell-Shambley, and James F. Reddoch move for partial dismissal of Plaintiff's claims against them.  (Doc. 16.)

Connected with the Department terminating him as an experienced psychiatrist, Dr. Hooper claims Defendants (1) violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; (2) violated the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq*; (3) violated his due process rights under 42 U.S.C. § 1983; and (4) defamed him.  The issues raised in Defendants' motions to dismiss are now ripe for decision. After considering the presented legal arguments and evidence, the motions are due to be granted in part and denied in part.

II.   Facts.[1]

The Department hired Dr. Hooper in 1988 and terminated him in February of 2009.  At the time of his termination, Dr. Hooper was employed as a psychiatrist and as the Medical Director of Taylor Hardin Secure Medical Facility in Tuscaloosa, Alabama ("Taylor Hardin").  During the pertinent time period, Houston was the Commissioner of the Department, and Reddoch was the Director of Taylor Hardin until he retired at the end of February 2009.  After Reddoch's retirement, Bell-Shambly served as the

---

[1]All facts are taken from Plaintiff's complaint.

interim director. Shealy was the Clinical Director of Taylor Hardin and Dr. Hooper's direct supervisor. And Sexson conducted the investigation that led to Dr. Hooper's termination.

The termination process began when Shealy and the other Defendants responded to a social worker's allegation that Dr. Hooper made inappropriate remarks about her breasts by assigning Sexson to investigate Dr. Hooper. Sexson contacted other Taylor Hardin employees, a few of whom aired the first public complaints about Dr. Hooper. Dr. Hooper was placed on leave and had a hearing before Reddoch. On February 27, 2009, after the hearing, Reddoch provided Dr. Hooper a termination letter, based on Sexson's investigation, Dr. Hooper's personnel record, and the hearing. On March 5, 2009, Dr. Hooper appealed his termination. A few weeks later, Bell-Shambley provided Dr. Hooper with an addendum to the February 27, 2009 letter, which added allegations of personal email misuse discovered after the appeal.

The Department held Dr. Hooper's appeal hearing on September 28-30, 2009. The Administrative Law Judge ("ALJ") upheld the termination based solely on the evidence of personal email misuse, not on the sexual

harassment or hostile work environment allegations. At the final review, the Department's head, Houston, considered the ALJ's findings and sustained Dr. Hooper's termination, but concluded that Dr. Hooper sexually harassed women and created a hostile work environment.

After his termination, Dr. Hooper elected not to take his state court judicial appeal. Throughout the disciplinary process, the Department promulgated a policy providing that "[d]isciplinary steps shall generally be progressive to ensure that the employee has the opportunity to correct his or her performance or behavior." (Doc. 1 at 10.)

III.   Standard of Review.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman*

*v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(internal citations omitted).[2] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff

---

[2]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id*.

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, --- F.3d ----, 2010 WL 1930128 at *4 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950).  Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative

explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

IV.   Analysis.

Defendants make a variety of arguments. But all the Defendants[3] contend that immunity bars some claims, many of the federal statutes do not provide for individual liability, and the discrimination and defamation claims are implausible.

   A.   Eleventh Amendment Immunity: Official Capacity.

Defendants Houston, Bell-Shambley, Reddoch, and Shealy contend that immunity bars Dr. Hooper's claims against them in their official capacity.

---

[3] Defense counsel does not argue that Defendant Sexson shares in any official capacity immunity; Plaintiffs' counsel concedes that Counts I and II do not pertain to Sexson.

The Department argues that immunity bars Dr. Hooper from asserting Counts I and IV against it.

The Eleventh Amendment of the United States Constitution prevents federal jurisdiction for suits against nonconsenting states. *See, e.g.*, *Nev. Dept. of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003). Alabama, in general, does not consent: "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. of 1901, art. I,§ 14. Departments, agencies, and all other instrumentalities of states share in the same Eleventh Amendment immunity as the states themselves. *See Pennhurst State Sch. & Hosp.*, 465 U.S. 89, 100 (1984). State law determines whether an entity constitutes an agency, department, or instrumentality of the state. *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985). The Alabama Department of Mental Health and Retardation is a department of the state of Alabama. *See Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995). Thus, the Department retains its Eleventh Amendment immunity from suit. In addition, actions against state officers in their official capacity are deemed to be against the officer's department. *See id*. Defendants

Shealy, Houston, Bell-Shambley, and Reddoch thus share in the Deparment's official immunity from suits for damages. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

"Congress may, however, abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." *Nev. Dept.*, 538 U.S. at 726. By enacting § 1983, the ADEA, and the ADA, Congress did not validly abrogate the states' sovereign immunity to suits by private individuals. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 91 (2000); *Bd. Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). But by enacting the FMLA, Congress did abrogate the states' sovereign immunity. *See Nev. Dept.*, 538 U.S. at 726.

Here, Dr. Hooper asserts claims against the Department and its agents, requesting damages for ADEA, ADA, and FMLA statutory violations along with § 1983 constitutional violations. (Doc. 1 at 17.) Eleventh Amendment immunity attaches to all claims under Section 1983, the ADEA, the ADA, and for defamation against the Department and against the individual

Defendants in their official capacity. But Eleventh Amendment immunity does not apply to Dr. Hooper's FMLA claims.

Dr. Hooper also alleges that Defendants violated the Alabama Age Discrimination in Employment Act ("AADEA"), Ala Code § 25-1-20, *et seq*. (Doc. 1 at 6.) The AADEA provides that "the remedies, defenses and statutes of limitations, under this article shall be the same as those authorized by the federal [ADEA]. . . ." Ala Code § 25-1-29. Eleventh Amendment immunity is a defense to the federal ADEA. *See Kimel*, 528 U.S. at 72-73. But Dr. Hooper points to the following language from *Kimel*: "State employees are protected by state age discrimination statutes, and may recover money damages from their state employers, in almost every State of the Union. Those avenues of relief remain available today. . . ." 528 U.S. at 91-92. The Supreme Court did not cite any Alabama law, when stating "almost every State." *Kimel*, 528 U.S. at 91 n.* And the state statutes cited for that proposition define employer to include public employers. *See, e.g.*, N.J. Stat. Ann. § 10:3-1. Those states consent to suit; Alabama does not. Ala. Const. of 1901, art. I, § 14. Though Alabama Administrative Code Rule 670-x-4-.01 prohibits age discrimination against

certain public employees, the Alabama Legislature, much less an agency, does not have authority to waive Article I, Section 14 immunity against judicial suit. *Ex parte Cranman*, 792 So. 2d 392, 399 (Ala. 2000). Consistent with these principles, the administrative rule provides limited redress. Alabama Administrative Code Rule 670-x-4-.03; *see also Ex Parte Worley*, No. 1070543, 2009 WL 5173505, at *8 (Ala. Dec. 30, 2009) (claims for damages outside of the administrative appeals process barred by Article I, Section 14 immunity).  The State of Alabama and its departments have not consented to suit under the AADEA.  Thus, Eleventh Amendment immunity prevents Dr. Hooper from asserting the claim in federal court against the Department and the individual Defendants in their official capacity.

B. Counts I and II.

Defendants contend that the ADEA[4], ADA, and FMLA do not provide for the individual liability of Shealy, Houston, Bell-Shambley, or Reddoch. Plaintiff does not dispute this. (Doc. 11 at 6.) The Eleventh Circuit has held

---

[4] Alabama Age Discrimination in Employment Act ("AADEA"), Ala. Code. § 25-1-20 defines employer as "[a]ny person employing 20 or more employees." Dr. Hooper does not allege that he was the employee of any of the individual defendants. Thus, AADEA does not provide for the liability of the defendants in their individual capacities.

that these statutes do not provide for individual liability. *See Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999) (holding that public officials sued in their individual capacity are not "employers" under the FMLA); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that the ADA does not create individual liability); *Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir. 1995) (holding that individual employees cannot be liable under the ADEA). Thus, Counts I and II are dismissed as to Defendants Shealy, Houston, Bell-Shambley, and Reddoch in their individual capacities.

    C.    Count III: Pendant Claim for Appeal.

In Count III, Dr. Hooper includes a claim to appeal the Department's decision to terminate him. Alabama Code § 41-22-20 authorizes judicial review of a final agency decision. But the statute requires petitioning the "Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters . . . ." Ala. Code. § 41-22-20(b). Dr. Hooper has not complied with this requirement. In addition, the section requires filing the appeal within thirty days after notification of the agency's final decision. Ala. Code. § 41-22-20(d). According to the complaint, the Commissioner of the Department issued his decision on March

25, 2010; Dr. Hooper filed this action on July 26, 2010, well outside the thirty day requirement. (Doc. 1 at 1, 11.) The portion of Count III requesting to appeal the Department's decision is improper and thus dismissed.

    D.    Count III: Due Process Claim.

The Department and Shealy argue that the Court should dismiss Dr. Hooper's due process claim. The Department contends that it is not a statutory person. (Doc. 16 at 2.)

"Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.'" *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Dr. Hooper does not dispute that the Department falls outside § 1983's ambit: "[w]hile a Section 1983 action cannot be brought directly against a State or, in this case, its agency . . . ." (Doc. 21 at 6.) Because § 1983 does not pertain to Dr. Hooper's claim against the Department, Count IV is thus improperly alleged against the Department.

Regarding Count IV's allegations against the individual Defendants, Shealy argues that Dr. Hooper has not alleged the required elements of a procedural due process claim: a deprivation of an individual interest and an

insufficient process to remedy that deprivation. (Doc. 7 at 5-6). Dr. Hooper contends that he has alleged a sufficient procedural due process claim in the mishandling of his termination's appeal. (Doc. 1 at 7; Doc. 11 at 4.)

To state a claim for procedural due process, a plaintiff must show "the state refuse[d] to provide a process sufficient to remedy the procedural deprivation." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). In particular, a plaintiff must show first that a defendant deprived him of "some right protected by the due process clause." *Id*. In the context of employment termination, this requires that Dr. Hooper show he had a right to continued employment, a protected property right. *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 538 (1985). In Alabama, employment is at will and terminable by either party, which erodes any right to continued employment. *See Harper v. Winston Cnty.*, 892 So. 2d 346, 351 (Ala. 2004).

Dr. Hooper claims that the Department denied him his due process rights. But he does not allege any right to continued employment. Dr. Hooper fails to allege that he was not an at-will employee.

Moreover, even after a plaintiff show deprivation of a property right, he must show that "the available state procedures were [in]adequate to

correct the alleged procedural deficiencies." *Cotton*, 216 F.3d at 1331. A "state may cure a procedural deprivation by providing a later procedural remedy." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994). Thus, "[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process." *Cotton*, 216 F.3d at 1331. Generally, an available judicial appeal to the state courts provides an adequate remedy. *Id*; *see also Bell v. City of Demopolis, Ala.*, 86 F.3d 191 (11th Cir. 1996).

Dr. Hooper fails to allege that adequate procedures were unavailable to him, which a constitutional due process claim under § 1983 requires. *See Cotton*, 216 F.3d at 1331. In contrast, Dr. Hooper's allegations make clear that he enjoyed two hearings and a final review by the Commissioner of the Department. (Doc. 1 at 9-11.) At the first hearing, his director made him aware of the allegations against him. (Doc. 1 at 9.) An administrative law judge presided over the second hearing, comprising three days of evidentiary submissions. (Doc. 1 at 10.) And then, the Commissioner reviewed and upheld the law judge's conclusion. (Doc. 1 at 11.) Most

importantly, he had the ability to seek judicial review, but chose not to do so.  Ala. Code. § 41-22-20(b).

Dr. Hooper argues that the Department breached its own policies and procedures manual, which could then constitute a breach of contract.  (Doc. 11 at 5.)   But that argument does not matter in the context of a constitutional due process claim under § 1983.  Dr. Hooper has not alleged a plausible deprivation or inadequate procedures.  His due process claim is thus dismissed.

    E.    Defamation.

The individual Defendants argue that Dr. Hooper has not pleaded defamation with the required specificity.  To establish defamation, a plaintiff must show the presence of negligence, publication, a false and defamatory statement, and damages.  *Ex parte Crawford Broadcasting Co.*, 904 So. 2d 221, 225 (Ala. 2004).  Dr. Hooper contends that he "specifically alleges [Defendants] disseminated specific information, which was false to specific third parties and this caused actual damages to Plaintiff."  (Doc. 20 at 4.) (parenthetical information omitted)  Defendants respond that Dr. Hooper alleges only the conclusory statement "Defendants have published,"

which fails to allege specific conduct by individuals. (Doc. 12 at 4; Doc. 23 at 4.)

Dr. Hooper's complaint sets out that "Defendants have published and disseminated to third parties, including prospective employers of Plaintiff the allegations made against Plaintiff . . . ." (Doc. 1 at 15.) The "false" information "accuses him of violating sexual harassment policies and engaging in a pattern of sexually inappropriate behavior." (Doc. 1 at 15.) The information prevented Dr. Hooper from obtaining "a position at the Tuscaloosa Veterans' Administration Hospital and the University of Alabama School of Medicine." (Doc. 1 at 15.) And Defendants published the information "with malice, hatred and ill will toward plaintiff." (Doc. 1 at 15.)

Dr. Hooper fails to plead a plausible claim of defamation, for two reasons. First, he does not allege which Defendants published the information. To suggest that all Defendants joined together and concurrently communicated the defamatory material to "third Parties" strains credulity. (Doc. 1 at 15.) Second, he must plausibly suggest that the defamatory material was communicated to someone else. He does not

suggest how or when this publication took place.  And Dr. Hooper suggests that prospective employers received the defamatory material and alleges the material prevented him from employment with the Tuscaloosa Veterans' Administration Hospital and the University of Alabama School of Medicine, but he does not allege that those two entities received the defamatory material.  (Doc. 1 at 15.  Alleging that numerous people conveyed information in an unidentifiable way to unknown entities does not create a plausible defamation claim.

But Dr. Hooper may yet be able to allege defamation claims against one or more of the individuals.  Dr. Hooper's Count IV is thus dismissed in its entirety, but without prejudice.  If, consistent with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff can allege Count IV so that specific defendants conveyed defamatory information in a certain way to named entities, then he may again bring the defamation claims.

V.   Conclusion.

For the reasons stated above, Defendant Shealy's motion to dismiss (Doc. 7) is GRANTED; Defendants Reddoch, Houston, and Bell-Shambley's motion to dismiss (Doc. 16) is GRANTED IN PART; and Defendant Sexson's

motion to dismiss (Doc. 13) is GRANTED.  Addressing Dr. Hooper's complaint, the result is as follows:

- Count I is dismissed in its entirety;

- Count II is dismissed in its entirety, as to the individual Defendants;

- Count III is dismissed in its entirety; and

- Count IV is dismissed in its entirety, but without prejudice as to the individual Defendants.

Dr. Hooper retains his FMLA claim under Count II against the Department. A separate order conforming with this opinion will be entered.

Done this <u>4th</u> day of November 2010.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE